```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

RICHARD PETERSON #20090007816,   )
                                 )
               Plaintiff,        )
                                 )
     v.                          )    No.  10 C 3275
                                 )
SUPERINTENDENT SLAUGHTER,        )
et al.,                          )
                                 )
               Defendants.       )
```

## MEMORANDUM ORDER

Late last week Richard Peterson ("Peterson") tendered a 42 U.S.C. §1983 ("Section 1983") Complaint against Cook County Sheriff Thomas Dart and three officials at the Cook County Department of Corrections ("County Jail")--its Executive Director Salvador Godinez and Superintendents Slaughter and Currie. For that purpose Peterson employed the printed form of Complaint provided by this District Court's Clerk's Office for use by persons in custody, filling in the requested information in hand-printed form. In addition Peterson has submitted two other Clerk's-Office-provided forms: an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion").

As for the Motion, Peterson has tendered only the first page of a two-page printed form, so that both his answers to the remaining questions and his signature are lacking. That omission would have to be cured before this Court could entertain the Motion--but what is said hereafter could perhaps obviate the need

for him to do so.

There is a more serious problem with the Application, which is clearly irregular (an understatement). It is clear that Peterson has altered the date on an Application that was obviously prepared in 2009, so that it now reflects a false May 21, 2010 date. What Peterson said about his financial situation in the body of that document back in 2009 (sometime last summer or fall) may still be true today, but he plainly has no right to falsify the certification of the authorized official at the County Jail (a "B. Carey") by changing the date of that certification.[1]

In light of those problems with both the Motion and the Application, this Court is obviously not in a position at this time to entertain Peterson's effort to proceed with this action. It is prepared to allow him until June 21, 2010 to provide a proper set of documents, but it strongly suggests that Peterson think twice before doing so. Some explanation is in order on that score.

If Peterson elects to move forward with this action and successfully establishes his entitlement to do so under the

---

[1] There is no question that Peterson has done so, for the Application's attached printout of transactions in his County Jail trust fund account ran from February 5 to August 25, <u>2009</u>, and the B. Carey certification of a $.44 balance in that account jibes exactly with the amount shown in the printout as of August 25, 2009.

2

auspices of 28 U.S.C. §1915,[2] he should understand that he will become obligated to pay the entire $350 filing fee, though not in advance (as Section 1915(b) provides, the fee would become payable in installments out of his County Jail trust fund account). But this Court would be remiss if it did not forewarn Peterson of its obligation in that event to screen his Complaint under Section 1915A to determine whether he is entitled to proceed.

On that score, this Court has already examined Peterson's allegations in substantive terms. Its current review of his filing indicates that he has <u>not</u> stated any claim of a constitutional deprivation, as Section 1983 requires. Although the County Jail condition about which he complains may be unpleasant, it does not approach (let alone exceed) the level of the Eighth Amendment's prohibition of "cruel and unusual punishment," nor does it amount to any deprivation of life, liberty or property without due process of law. And that being so, Section 1915A would call for dismissal of both the Complaint and this action, without excusing Peterson's continuing liability for payment of the $350 filing fee.

Accordingly this Court will await June 21, 2010. If Peterson has not cured the flaws identified here on or before

---

[2] All further references to Title 28's provisions will simply take the form "Section--."

that date, this Court will simply deny the Application and dismiss this action, and it will not treat Peterson's obligation to pay the filing fee as having accrued. Alternatively, if in the interim Peterson considers what has been said here and files an election not to go ahead with this action, this Court will proceed in the same fashion as stated in the preceding sentence.

                                     _____
                                     Milton I. Shadur
                                     Senior United States District Judge

Date:  June 2, 2010