IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD PETERSON #20090007816,   )
                                 )
            Plaintiff,           )
                                 )
    v.                           )   No. 10 C 3275
                                 )
SUPERINTENDENT SLAUGHTER,        )
et al.,                          )
                                 )
            Defendants.          )

<u>MEMORANDUM ORDER</u>

On June 2, 2010 this Court issued a memorandum order ("Order") addressing the 42 U.S.C. §1983 ("Section 1983") Complaint brought pro se by Richard Peterson ("Peterson") against Cook County Sheriff Thomas Dart and three officials at the Cook County Department of Corrections ("County Jail"). In part the Order rejected Peterson's In Forma Pauperis Application ("Application") and Motion for Appointment of Counsel ("Motion"), pointing out deficiencies in Peterson's completion of the forms of Application and Motion that are provided by the Clerk of this District Court for persons in custody.

Instead of simply obtaining a new set of the same forms and filling them out properly (as he had not done originally), Peterson has now tendered a motion "to extend time to provide the court with proper set of documents, to and including August 21, 2010." But the reason that this Court had granted only a bit less than three weeks (to June 21) for Peterson to tender the proper documents was because they were readily available and

because no research--indeed, no particular thought--was needed to fill them out.  So it is difficult to understand just what Peterson means when his current motion talks about needing another two months to prepare the documents properly and submit them.

More importantly, if Peterson were in fact to submit documents that would enable this Court to grant the Application, that grant of in forma pauperis status would carry with it the obligation to pay the $350 filing fee in full, although in future installments.  In that respect, what the Order had gone on to say was that Peterson should give serious thought as to whether he wants to proceed and incur such a large obligation, because this Court's review of his Complaint has left it highly skeptical as to his possession of a viable Section 1983 claim.

Accordingly Peterson's current request is denied, and both the Complaint and this action are dismissed.  That denial is, however, without prejudice, for if Peterson still wishes to attempt to pursue his claim he is free to do so.

_____
Milton I. Shadur
Senior United States District Judge

Date:  June 21, 2010